## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

EVELYN WILKEWITZ,

       Plaintiff,

vs.

FIRST FEDERAL CREDIT
CONTROL, INC.

       Defendant.

USDC Case No.:

## <u>NOTICE OF REMOVAL</u>

Defendant, First Federal Credit Control, Inc. ("Defendant"), hereby provides notice of removal of this action from the 20th Judicial District Court for the State of Michigan to the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. §§ 1331, 1441 and 1446.  In support of this removal, Defendant states:

1.     On or about May 4, 2015, Plaintiff Evelyn Wilkewitz ("Plaintiff") filed the above captioned civil action in the 20th Judicial District Court for the State of Michigan (Case No.: 15-75427-GT).

2.     Defendant was served with the Complaint on June 8, 2015. Accordingly, this Notice of Removal has been timely filed pursuant to 28 U.S.C. § 1446(b).

3.      This matter is a civil action over which this Court has original

1

jurisdiction under 28 U.S.C. § 1331, and is one which may be properly removed pursuant to 28 U.S.C. §§ 1441 and 1446, as the claims asserted in the Complaint arise under the laws of the United States and raise one or more federal questions.

4.      Plaintiff's complaint asserts violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

5.      The district courts of the United States have original jurisdiction in civil actions arising under the FDCPA.

6.      Defendant removes this action to the United States District Court for the Eastern District of Michigan because it is the venue that encompasses Dearborn Heights, Michigan. Defendant removes this action without prejudice to Defendant's right to seek transfer of this action pursuant to 28 U.S.C. § 1404, if and as appropriate.

7.      True and correct copies of the following are attached to this Notice of Removal:

> (a)      all process, pleadings and orders which have been served upon Defendant in this action are attached to this filing in accordance with 28 U.S.C. § 1446(a) and this Court's ECF guidelines; and
>
> (b)      the Notice of Filing of Removal, which has been served upon Plaintiff and filed with the Clerk of Court for the 20th Judicial District Court in accordance with 28 U.S.C. § 1446(d) is attached as **Exhibit A**.

8.      Based upon the foregoing, this action is removable on the basis of

federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441 and 1446.

WHEREFORE, Defendant, First Federal Credit Control, Inc., requests that this action proceed in the United States District Court for the Eastern District of Michigan unless or until remanded by further order of this Court.

Respectfully Submitted,

/s/ Charity A. Olson
Charity A. Olson (P68295)
OLSON LAW GROUP
2723 S. State St., Suite 150
Ann Arbor, MI  48104
Tel: (734) 222-5179
Fax: (866) 941-8712
Dated: July 7, 2015                    colson@olsonlawpc.com

## CERTIFICATE OF SERVICE

I, Charity A. Olson, hereby certify that on July 7, 2015, a copy of the foregoing Notice of Removal was filed via the Court's ECF system and served on the following parties via first class mail:

Civil Clerk
20th Judicial District Court
25637 Michigan Avenue
Dearborn Heights, MI 48125

Plaintiff Evelyn Wilkewitz
c/o Gary D. Nitzkin, Esq.
Nitzkin & Associates
22142 West Nine Mile Road,
Southfield, MI 48033

/s/ Charity A. Olson
Charity A. Olson

SUMMONS AND COMPLAINT

Original - Court
1st copy - Defendant
2nd copy - Plaintiff
3rd copy - Plaintiff

| STATE OF MICHIGAN | SUMMONS AND COMPLAINT | CASE NO. |
|---|---|---|
| 20th JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | | 15-75427-GCT |

| Court address | Court telephone no. |
|---|---|
| 25637 Michigan Avenue, Dearborn Heights, MI 48125 | (313) 277-7480 |

| Plaintiff's name(s), address(es), and telephone no(s) | | Defendant's name(s), address(es), and telephone no(s) |
|---|---|---|
| Evelyn Wilkewitz<br>c/o Nitzkin & Associates<br>Southfield, MI 48033 | v | First Federal Credit Control, Inc.<br>RA: Corporate Creations Network Inc.<br>8175 Creekside Dr. #200<br>Portage, MI 49024 |

| Plaintiff's attorney, bar no., address, and telephone no. |
|---|
| Gary D. Nitzkin P 41155<br>LAW OFFICES OF NITZKIN & ASSOCIATES<br>22142 W. Nine Mile Road<br>Southfield, MI 48033<br>(248) 353-2882 |

**SUMMONS** **NOTICE TO THE DEFENDANT**: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued | This summons expires | Court clerk |
|---|---|---|
| 5/14/15 | 8/10/15 | |

*This summons is invalid unless served on or before its expiration date.
This document must be sealed by the seal of the court.

**COMPLAINT** *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

**Family Division Cases**
✓ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
  An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
  The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no |
|---|---|---|
| | | |

**General Civil Cases**
✓ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
  A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
  The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no |
|---|---|---|
| | | |

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| Dearborn Heights, MI | Portage, MI |
| Place where action arose or business conducted | |
| Dearborn Heights, MI | |

| 04/29/2015 | |
|---|---|
| Date | Signature of attorney/plaintiff |

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (3/08) **SUMMONS AND COMPLAINT** MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

PROOF OF SERVICE

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

**OFFICER CERTIFICATE**

I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that:    (notarization not required)

**OR**

**AFFIDAVIT OF PROCESS SERVER**

Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that:    (notarization required)

☐ I served personally a copy of the summons and complaint,
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____

List all documents served with the Summons and Complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee | Miles traveled | Mileage fee | Total fee |
|---|---|---|---|
| $ |  | $ | $ |

Signature _____

Name (type or print) _____

Title _____

Subscribed and sworn to before me on _____, _____ County, Michigan.
                                                    Date

My commission expires: _____ Signature: _____
                              Date                        Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____

Attachments

_____ on _____
                                          Day, date, time

                              on behalf of _____

_____
Signature

STATE OF MICHIGAN
IN THE 20th DISTRICT COURT

EVELYN WILKEWITZ,
     Plaintiff,

-vs.-                      **DEMAND FOR JURY TRIAL**

FIRST FEDERAL CREDIT CONTROL, INC.,
an Ohio corporation,
     Defendant.
_____/

GARY D. NITZKIN  P41155
TRAVIS SHACKELFORD P68710
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gary@micreditlawyer.com
_____/

*2015 MAY -4  PH 8: 40*

# COMPLAINT & JURY DEMAND

Plaintiff, Evelyn Wilkewitz, through counsel, Michigan Consumer Credit Lawyers, by

Gary Nitzkin states the following claims for relief:

1.   This is an action for damages, brought against a debt collector for violating the Fair Debt

Collection Practices Act at 15 U.S.C. § 1692 et seq. ("FDCPA"), Michigan Collection

Practices Act at M.C.L. § 445.251 et seq. ("MCPA") and the Michigan Occupational

Code at M.C.L. § 339.901 et seq. ("MOC").

1

## PARTIES

2. Plaintiff is a natural person residing in Dearborn Heights, Wayne County, Michigan. Mrs. Wilkewitz is a "consumer" and "person" as the terms are defined and used in the FDCPA. Plaintiff is also a "consumer," "debtor" and "person" as the terms are defined and or used in the MCPA and MOC.

3. The Defendant to this lawsuit is First Federal Credit Control, Inc. which is an Ohio corporation that maintains its registered agent in Kalamazoo County, Michigan.

## VENUE

4. The transactions and occurrences which give rise to this action occurred in Dearborn Heights in Wayne County, Michigan.

5. Venue is proper in the 20th District Court in Dearborn Heights, Michigan as the actions and occurrences recited herein occurred in Dearborn Heights, Wayne County, Michigan.

6. The amount in controversy is less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## GENERAL ALLEGATIONS

7. Defendant is attempting to collect a consumer type debt allegedly owed by Plaintiff regarding a medical debt in the amount of $236.25.

8. Mrs. Wilkewitz has been paying the creditor monthly payments toward the alleged debt since October 2014.

9. In January 2015, Mrs. Wilkewitz received a bill from the creditor stating that she owed it $175.00.

2

10. On or about February 18, 2015, Defendant called Plaintiff attempting to collect the alleged debt. During this conversation, Mrs. Wilkewitz spoke with Defendant's representative, Jackie Lemberg, who told her that she owed it $236.25. Mrs. Wilkewitz advised Jackie that she disputed that amount and that she only owed $175.00 towards the alleged debt. Jackie then said to Mrs. Wilkewitz, "We show that you owe $236.25. If you pay the debt within 30 days, your credit will not be ruined."

11. On or about February 24, 2015, Mrs. Wilkewitz's attorney, through Michigan Consumer Credit Lawyers, sent a letter to Defendant requesting validation of the alleged debt. In this letter, Michigan Consumer Credit Lawyers requested that Defendant cease communication with Mrs. Wilkewitz and to provide validation of the alleged debt directly to her attorney.

12. On or about March 2, 2015, Defendant sent Mrs. Wilkewitz a letter stating that it had closed the account.

13. On or about April 15, 2015, Mrs. Wilkewitz received a phone call from Defendant at 9:13 a.m. from a representative named Erin. During this conversation, Erin said to Mrs. Wilkewitz, "To keep your credit report clean, you need to send us a check for $74.25." She then told Mrs. Wilkewitz that she sent her a letter indicating the same thing and that she had 45 days to respond to the letter. Mrs. Wilkewitz told Erin that she only owed $55.00 toward the alleged debt and Erin told her that the difference was what Defendant charges for handling the matter. Plaintiff never did receive this letter that Erin was referencing.

3

# COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

14. Plaintiff reincorporates the preceding allegations by reference.

15. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

16. Mrs. Wilkewitz is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

17. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

18. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

    a.  15 U.S.C. §1692e(2)(A) by misrepresenting the character, amount or legal status of any debt when it misrepresented the amount of the alleged debt to Mrs. Wilkewitz in the initial communication it had with her.

    b.  15 U.S.C. §1692e by using false, deceptive, or misleading representations or deceptive means in connection with the collection of any debt when it had sent Mrs. Wilkewitz a letter stating that the account was closed and then later proceeding to attempt to collect the alleged debt from Plaintiff.

    c.  15 U.S.C. §1692c(a)(2) by communicating with the consumer when the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address when it called Mrs. Wilkewitz attempting to collect the alleged debt after her attorney had contacted it asking it to cease communication with her and indicating that Mrs. Wilkewitz was being represented by an attorney.

4

    d.  15 U.S.C. §1692g(b) by not ceasing collection of the alleged and not verifying the alleged debt after Plaintiff's attorney sent Defendant a letter requesting validation.

    e.  15 U.S.C. §1692e(10) by using any false representations or deceptive means to collect or attempt to collect any debt.

    f.  15 U.S.C. §1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false when it threatened Mrs. Wilkewitz's credit after it had received a letter from her attorney stating that she disputed the alleged debt.

19. Mrs. Wilkewitz has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT** grant her damages of up to $25,000 plus costs, interest and attorneys' fees as provided by the Fair Debt Collection Practices Act.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

20. Plaintiff incorporates the preceding allegations by reference.

21. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

22. Mrs. Wilkewitz is a debtor as that term is defined in M.C.L. § 339.901(f).

23. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the MOC:

5

    a. MCL §339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

    b. MCL §339.915(e) by making an inaccurate, misleading, untrue or deceptive statement or claim in a communication to collect a debt.

24. Mrs. Wilkewitz has suffered damages as a result of these violations of the Michigan Occupational Code.

25. These violations of the Michigan Occupational Code were willful.

    **WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT** grant her damages of up to $25,000 plus costs, interest and attorneys' fees as provided by the Michigan Occupational Code.

## COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

26. Plaintiff incorporates the preceding allegations by reference.

27. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

28. Mrs. Wilkewitz is a "Consumer" as that term is defined at MCL § 445.251.

29. Defendant's foregoing acts in attempting to collect this debt violated the following provisions of the MCPA:

    a. MCL §445.252(q) by failing to implement a procedure designed to prevent a violation by an employee.

    b. MCL §445.252 (e) by making an inaccurate, misleading, untrue or deceptive statement or claim in a communication to collect a debt.

6

30. Mrs. Wilkewitz has suffered damages as a result of these violations of the MCPA.

31. These violations of the MCPA were willful.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT** grant her damages of up to $25,000 plus costs, interest and attorneys' fees as provided by the Michigan Collection Practices Act.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

Respectfully submitted,

April 28, 2015

GARY D. NITZKIN/P41155
TRAVIS SHACKELFORD P68710
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gary@micreditlawyer.com

7

JUN 0 8 2015